UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL STEIN and
SUSAN MORRISON,                                        Case No.: 2:09-cv-13214
                                                       Hon. David M. Lawson
          Plaintiffs,                                  Mag. Judge Michal Hluchaniuk

v

WELLS FARGO HOME MORTGAGE,
INC.,

          Defendant.
_____

Mel R. Partovich (P23103)            Matthew J. Boettcher (P40929)
John McCarthy (P44171)               Patrick C. Lannen (P73031)
Mel R. Partovich & Associates        Plunkett Cooney
Attorneys for Plaintiffs             Attorneys for Defendant
37887 W. 12 Mile Road Ste B          38505 Woodward Ave., Suite 2000
Farmington Hills, MI  48331          Bloomfield Hills, MI  48304
(248) 488-8180                       (248) 901-4035
partovich@aol.com                    mboettcher@plunkettcooney.com
                                     plannen@plunkettcooney.com

_____

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFFS' AMENDED COMPLAINT**

Defendant, Wells Fargo Home Mortgage, Inc., n/k/a Wells Fargo Home Mortgage, a

division of Wells Fargo Bank, N.A. ("Defendant"), through its attorneys Plunkett Cooney, for its

Answer and Affirmative Defenses to Plaintiffs' Amended Complaint, states:

1.      Defendant neither admits nor denies the allegations in this paragraph of the

Amended Complaint because it lacks sufficient knowledge or information to know if the

allegations are true.

2.      Defendant neither admits nor denies the allegations in this paragraph of the

Amended Complaint because it lacks sufficient knowledge or information to know if the

allegations are true.

3.      Denied as untrue, except to admit that Defendant's resident agent is located in

East Lansing, Michigan.  Further answering, Wells Fargo Home Mortgage, Inc., was merged into

Wells Fargo Bank, N.A., and it is now known as "Wells Fargo Home Mortgage," a division of

Wells Fargo Bank, N.A.

4.      Admitted.

### COUNT I – MUTUAL MISTAKE OF FACT/LAW

5.      Admitted.

6.      Denied as untrue.

7.      Defendant neither admits nor denies the allegations in this paragraph of the

Amended Complaint because it lacks sufficient knowledge or information to know if the

allegations are true, except to admit that Stein did not execute the Note.

8.      Denied as untrue.

9.      Denied as untrue.

10.     Admitted.

11.     Defendant neither admits nor denies the allegations in this paragraph of the

Amended Complaint because it lacks sufficient knowledge or information to know if the

allegations are true, except to admit that the loan was in default and that the mortgage securing

the loan was foreclosed with the underlying mortgaged property sold at a sheriff's sale.

12.     Defendant neither admits nor denies the allegations in this paragraph of the Amended Complaint because it lacks sufficient knowledge or information to know if the allegations are true.

13.     Defendant neither admits nor denies the allegations in this paragraph of the Amended Complaint because it lacks sufficient knowledge or information to know if the allegations are true.

14.     Denied as untrue.

15.     Answering this paragraph, Defendant admits that Stein has requested that his name be deleted from the foreclosure notices and other related documents and that Defendant refused to delete Stein's name as requested.

16.     Denied as untrue.

WHEREFORE, Defendant requests that this Court dismiss Plaintiffs' Amended Complaint in its entirety with prejudice; that Defendant be awarded its costs and attorneys fees incurred in defending this action and that Defendant be awarded such other relief as the Court deems just.

## COUNT II – ERRONEOUS PUBLICATION

17.     Defendant incorporates by reference its responses to paragraphs 1 through 16 above as if fully set forth here.

18.     Admitted, but further answering Defendant states that the mortgage was extinguished at the sheriff's sale.

19.     Denied as untrue.

20.     Denied as untrue.

21.     Defendant neither admits nor denies the allegations in this paragraph of the Amended Complaint because it lacks sufficient knowledge or information to know if the allegations are true, except to state that MCL 600.3201, *et seq* is not applicable because the first notice of foreclosure was published prior to the effective date of the act.  See, MCL 600.3204(5).

22.     Denied as untrue.

WHEREFORE, Defendant requests that this Court dismiss Plaintiffs' Amended Complaint in its entirety with prejudice; that Defendant be awarded its costs and attorneys fees incurred in defending this action; and that Defendant be awarded such other relief as the Court deems just.

## COUNT III – MISREPRESENTATION/BREACH OF AGREEMENT

23.     Defendant incorporates by reference its responses to paragraphs 1 through 22 above as if fully set forth here.

24.     Denied as untrue, except to admit that Exhibit A was attached to the Amended Complaint.

25.     Denied as untrue, except to admit that Defendant conducted a foreclosure sale of the Property on October 20, 2009.

26.     Denied as untrue.

27.     Denied as untrue.

28.     Defendant neither admits nor denies the allegations in this paragraph of the Amended Complaint because it lacks sufficient knowledge or information to know if the allegations are true, except to deny as untrue that any agreement was struck with Morrison.

29.     Denied as untrue.

30.     Denied as untrue.

WHEREFORE, Defendant requests that this Court dismiss Plaintiffs' Amended Complaint in its entirety with prejudice; that Defendant be awarded its costs and attorneys fees incurred in defending this action; and that Defendant be awarded such other relief as the Court deems just.

## COUNT IV – DEFAMATION

31.     Defendant incorporates by reference its responses to paragraphs 1 through 30 above as if fully set forth here.

32.     Denied as untrue.

33.     Defendant neither admits nor denies the allegations in this paragraph for the reason it lacks knowledge or information sufficient to form a belief as to the truth thereof, except to deny the foreclosure action was wrongful.

34.     Defendant neither admits nor denies the allegations in this paragraph for the reason it lacks knowledge or information sufficient to form a belief as to the truth thereof.

35.     Defendant neither admits nor denies the allegations in this paragraph for the reason it lacks knowledge or information sufficient to form a belief as to the truth thereof.

36.     Denied as untrue.

WHEREFORE, Defendant requests that this Court dismiss Plaintiffs' Amended Complaint in its entirety with prejudice; that Defendant be awarded its costs and attorneys fees incurred in defending this action; and that Defendant be awarded such other relief as the Court deems just.

## AFFIRMATIVE DEFENSES

1.     Plaintiffs have failed to state a valid claim and/or set forth facts upon which relief can be granted and, therefore, Defendant is entitled to judgment as a matter of law.

2.      Defendant has complied with all of the Michigan statutory requirements governing foreclosure by advertisement.

3.      Plaintiffs' claim, if any, under MCL § 600.3201, *et seq* is barred because the amended statute is not applicable to this case because the first notice of foreclosure was published prior to the effective date of the act.  See, MCL § 600.3204(5).

4.      Plaintiffs' claims are barred, in whole or in part, because any damages incurred by Plaintiffs were caused by Plaintiffs' own actions and/or omissions.

5.      To the extent the acts complained of in Plaintiffs' Amended Complaint resulted from actions or omissions of others over which Defendant had no control or authority, Defendant pleads this as a bar to Plaintiffs' claims.

6.      Plaintiffs' claims are barred by MCL § 566.132(2).

7.      Plaintiffs' tort or equitable claims, if any, are barred to the extent that the parties have an express contract covering the same subject matter.

8.      Plaintiffs' have failed to mitigate their alleged damages, if any.

9.      Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, laches, and/or estoppel.

10.      Plaintiffs' claims are barred, in whole or in part, by the statute of frauds.

11.      Plaintiffs' claims are barred, in whole or in part, because Defendant's actions and statements were at all times privileged.

12.      Plaintiffs' claims for defamation and misrepresentation are barred because Plaintiffs failed to plead defamation and misrepresentation with sufficient particularity as required by the rules of civil procedure.

13.     Plaintiffs' claim for defamation is barred because the alleged statements made by Plaintiffs were true when made and/or constituted opinion.

14.     To the extent Defendants are found to have engaged in conduct violative of a statutory obligation, such acts were the result of a bona fide error, despite reasonable measures to avoid such errors.

15.     Plaintiffs' claim for defamation is preempted by federal law.

16.     Defendant reserves the right to amend and/or supplement these Affirmative Defenses as the bases for same are revealed during discovery or otherwise.

                              Respectfully submitted,

                              /s/ Matthew J. Boettcher
                              Matthew J. Boettcher (P40929)
                              Patrick C. Lannen (P73031)
                              Plunkett Cooney
                              Attorneys for Defendant
                              38505 Woodward Ave., Suite 2000
                              Bloomfield Hills, MI  48304
                              (248) 901-4035
                              mboettcher@plunkettcooney.com
                              plannen@plunkettcooney.com

Dated:  April 1, 2010

## PROOF OF SERVICE

I, Matthew J. Boettcher, hereby certify that on April 1, 2010, a copy of the Answer to Plaintiffs' Complaint and Affirmative Defenses, as counsel in this case for Defendant, Wells Fargo Home Mortgage, Inc., was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

> MEL R. PARTOVICH (P23103)
> JOHN MCCARTHY (P44171)
> Mel R. Partovich & Associates
> Attorneys for Plaintiffs
> partovich@aol.com
>
>
> Respectfully submitted,
>
> /s/ Matthew J. Boettcher
> Matthew J. Boettcher (P40929)
> Plunkett Cooney
> Attorneys for Defendant
> 38505 Woodward Ave., Suite 2000
> Bloomfield Hills, MI  48304
> (248) 901-4035
> mboettcher@plunkettcooney.com


Dated:  April 1, 2010

Blmfield.17807.92889.1281202-1